## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM STANSBURY,** | : | **CIVIL ACTION NO. 1:24-CV-686** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREL HARRY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Kareem Stansbury, alleges that defendants retaliated against him in violation of the First Amendment and committed various other violations of his constitutional rights during his previous incarceration in Camp Hill State Correctional Institution ("SCI-Camp Hill").  Defendants have filed a motion to dismiss.  The motion will be granted.

### I.    Factual Background & Procedural History

Stansbury filed this case on March 31, 2024, and the court received and docketed his complaint on April 22, 2024.  According to the complaint, a former employee of SCI-Camp Hill, Courtney Fuller, began emailing Stansbury in January 2024, using contact information she obtained through working in the prison.  (Doc. 1 at 6).  The complaint alleges that the defendants, various employees of SCI-Camp Hill and the Pennsylvania Department of Corrections, engaged in a conspiracy to retaliate against Stansbury for receiving these emails from Fuller.  (Id.)

The complaint alleges that on January 12, 2024, defendant Dickey and an unknown captain in SCI-Camp Hill falsified misconduct charges against Stansbury so that he would be placed in the prison's restricted housing unit ("RHU") and subsequently transferred out of SCI-Camp Hill.  (Id. at 7).  Defendants were purportedly acting in retaliation for Stansbury emailing with Fuller when they took these actions.  (Id.)  While in the RHU, Stansbury filed written complaints to defendant Harry, the secretary of the DOC, along with the governor and lieutenant governor of Pennsylvania.  (Id.)

Following Stansbury's placement in the RHU, defendants Nicklow, Evans, Kendall, Albert, Benner, Newsome, Ritchie, Miller, and Smith purportedly altered documents to justify his ongoing placement in the RHU.  (Id.)  Nicklow, Evans, Kendall, Albert, Benner, and Newsome allegedly conducted an "unconstitutional" program review committee ("PRC") hearing on January 17, 2024 to review Stansbury's placement in the RHU, despite it already being "predetermined" that he would remain in the RHU until his transfer.  (Id. at 8).  Stansbury appealed the PRC decision to defendant Gourley, who denied the appeal.  (Id.)  Defendants Nicklow, Evans, Kendall, Albert, Benner, Newsome, Ritchie, Miller, and Smith allegedly falsified documents on January 24, 2024, to ensure that the written justification for his continued placement in the RHU matched what was said by the PRC during the January 17, 2024, hearing.  (Id.)  Stansbury again appealed, but defendant Moslak denied the appeal.  (Id. at 9).

Sometime between January and February 2024, "one . . . or all" of defendants Gourley, Nicklow, Evans, Kendall, Albert, Benner, Miller, and Smith purportedly

provided false information on documents related to Stansbury's transfer out of SCI-Camp Hill by stating that he was being transferred because he "compromised staff." (Id.)  The complaint alleges that each of the defendants was made aware of the purported violations of Stansbury's constitutional rights but failed to intervene to stop the actions.  (Id. at 9-10).

The complaint asserts claims for retaliation in violation of the First Amendment, violation of Stansbury's Fourth Amendment right to be free from unreasonable searches or seizures, cruel and unusual punishment in violation of the Eighth Amendment, violation of Stansbury's due process rights under the Fourteenth Amendment, violations of 42 U.S.C. §§ 1981, 1985, and 1986, and various state law claims.  (Id. at 11).  Stansbury seeks damages and a variety of injunctive relief.  (Id.)

All named defendants other than Smith moved to dismiss the complaint on July 15, 2024, and filed a brief in support of the motion on July 29, 2024.  (Docs. 16, 18).  Stansbury filed a motion to deny the motion to dismiss on August 2, 2024, along with a supporting brief, which the court liberally construes as his brief in opposition to the motion to dismiss.  (Docs. 20-21).  Defendants have not filed a reply brief in support of the motion to dismiss, and the deadline for doing so has expired under the Local Rules.  The motion to dismiss is accordingly ripe for review.

## II.  **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause
v. Bauer, 585 U.S. 957, 960 (2018).  *Pro se* complaints, "however inartfully pleaded,
must be held to less stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
106 (1976)).

**III.**   **Discussion**

Stansbury brings his constitutional claims under 42 U.S.C. § 1983.  Section
1983 creates a private cause of action to redress constitutional wrongs committed by
state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but
serves as a mechanism for vindicating rights otherwise protected by federal law.
See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d
1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a
deprivation of a "right secured by the Constitution and the laws of the United
States . . . by a person acting under color of state law."  Id. (quoting Mark v.
Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants advance seven arguments for dismissal: (1) that any conspiracy
claim fails because Stansbury does not allege an agreement between the
defendants; (2) that Stansbury's retaliation claim fails because he does not allege
causation; (3) that Stansbury's Fourth Amendment claim fails because the Fourth
Amendment does not apply to cell searches in the prison context; (4) that Stansbury

fails to state an Eighth Amendment claim upon which relief may be granted; (5) that Stansbury fails to state a Fourteenth Amendment due process claim; (6) that Stansbury's claims for violation of 42 U.S.C. §§ 1981, 1985, and 1986 fail as a matter of law; and (7) that upon dismissing the federal claims, the court should decline to exercise supplemental jurisdiction over the remaining state law claims.  (Doc. 18). We analyze these arguments *seriatim*.

### A.    Conspiracy

Although it is not specifically enumerated as one of Stansbury's claims in his complaint, the court liberally construes the complaint as advancing a civil conspiracy claim.  To state such a claim, a plaintiff must allege facts "from which a conspiratorial agreement can be inferred." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (citing D.R. ex rel. L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992)). Stansbury's complaint plainly fails to meet this standard.  There are no allegations in the complaint of any agreement between the defendants, nor are there any facts alleged from which such an agreement could be inferred.  Hence, we will dismiss the conspiracy claim.

### B.    Retaliation

Claims that a defendant has retaliated against a plaintiff in violation of the First Amendment require allegations that: (1) the plaintiff engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected

conduct and the retaliatory action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

Causation may be pleaded by alleging either an unusually suggestive temporal

proximity between the plaintiff's protected conduct and the defendant's allegedly

retaliatory action or a pattern of antagonism coupled with timing.  Dondero v.

Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean

W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).  Causation may also be implied

by "the record as a whole."  Id. (citing DeFlaminis, 480 F.3d at 267).

Defendants argue that Stansbury's complaint fails to state a retaliation claim

because he fails to allege causation.  (Doc. 18 at 17-19).  We agree.  Stansbury's

complaint alleges that defendants retaliated against him for the emails he

exchanged with Fuller, but there are no allegations that any of the defendants knew

about these emails at the time they allegedly violated Stansbury's rights, much less

that the emails motivated their actions.  Stansbury's complaint appears to rely

solely on the temporal proximity between Fuller's emails and defendants' actions to

plead a causal connection, but "temporal proximity of adverse action to protected

conduct does not establish that the adverse actor had knowledge of the protected

conduct before acting."  Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 197 (3d Cir.

2015).  In other words, a plaintiff relying on the temporal proximity between his

protected conduct and a defendant's adverse action cannot rely solely on temporal

proximity when there is no allegation the defendant was aware of the protected

conduct.  See id.  Hence, because Stansbury's complaint fails to allege that

defendants knew about Fuller's emails or how they had such knowledge, his

retaliation claim fails to allege causation and must be dismissed.

### C.    Fourth Amendment

Defendants next argue that Stansbury's Fourth Amendment claim fails because the protections of the Fourth Amendment do not extend to prison cell searches.  (Doc. 18 at 19-20).  This is correct.  See Hudson v. Palmer, 468 U.S. 517, 531 (1984).  The Fourth Amendment claim will be dismissed with prejudice.

### D.    Eighth Amendment and Due Process Claims

Defendants liberally construe the Eighth Amendment claim as alleging that Stansbury's placement in the RHU was an excessive sanction in violation of the Eighth Amendment.  (Doc. 18 at 20-21).  They argue that this claim should be dismissed for failure to state a claim.  (Id.)  Defendants additionally seek dismissal of Stansbury's due process claim for failure to state a claim upon which relief may be granted.  (Id. at 21-23).

We agree with defendants' construction of the Eighth Amendment claim and their arguments for dismissal of both the Eighth Amendment and due process claims.  For a prisoner to bring a due process or cruel and unusual punishment claim based on a prison disciplinary sanction, the sanction must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); Moles v. Holt, 221 F. App'x 92, 95 (3d Cir. 2007).   Stansbury's sanction of placement in the RHU plainly fails to meet this standard.  See Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) ("Under Sandin, an administrative sentence of disciplinary confinement, by itself, is not sufficient to create a liberty interest."); see also Sandin, 515 U.S. at

486 (concluding that placement in disciplinary segregation for 30 days did not constitute an atypical and significant hardship).

### E.    Sections 1981, 1985, and 1986

The court will dismiss Stansbury's claims alleging violations of 42 U.S.C. §§ 1981, 1985, and 1986 without prejudice.  The complaint does not state what facts give rise to these claims, and the court cannot infer any factual basis for the claims even upon a liberal construction of the complaint.

### F.    Claims Against Defendant Smith

Although Smith has not responded to plaintiff's complaint and has not joined in the other defendants' motion to dismiss, we will dismiss Stansbury's claims against him pursuant to 28 U.S.C. § 1915A.  Section 1915A allows a district court to dismiss a claim "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" at "any time" if the claim fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  Based on our review of the complaint, we conclude that Stansbury's claims against Smith are subject to dismissal for the same reasons as the claims against the other defendants.

### G.    Leave to Amend

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We find that amendment would be futile with respect to Stansbury's claims alleging violations of the Fourth, Eighth, and Fourteenth Amendments because those claims fail as a matter of law.  We will grant leave to amend with respect to Stansbury's other

claims, however, because it is not clear at this stage of litigation that amendment of those claims would be inequitable or futile.

      **H.**    **State Law Claims**

Finally, we will address defendants' argument that upon dismissal of the federal claims we should decline to exercise jurisdiction over Stansbury's remaining state law claims. We will decline to decide this issue at this time because we have granted Stansbury leave to file an amended complaint to cure the deficiencies identified with respect to his federal claims. See 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise jurisdiction" over a state law claim over which it is exercising supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). The court will determine whether to exercise jurisdiction over the remaining state law claims if plaintiff fails to file an amended complaint or if he files an amended complaint that again fails to state a federal claim upon which relief may be granted.

**IV.**    <u>Conclusion</u>

We will grant defendants' motion to dismiss, dismiss Stansbury's federal claims, and grant him leave to file an amended complaint. An appropriate order shall issue.

                                            /S/ CHRISTOPHER C. CONNER
                                            Christopher C. Conner
                                            United States District Judge
                                            Middle District of Pennsylvania

Dated:    January 7, 2025