## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAREEM STANSBURY,                    :

                                     :

            Plaintiff                :        CIVIL ACTION NO. 1:24-686

                                     :

      v.                             :        (JUDGE MANNION)

                                     :

LAUREL HARRY, *et al.*,              :

                                     :

            Defendants               :

                                     :

### MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to dismiss plaintiff's amended complaint. For the reasons set forth below, the motion will be granted, and this case will be dismissed with prejudice.

I.  BACKGROUND

Plaintiff, Kareem Stansbury, an inmate in Somerset State Correctional Institution ("SCI-Benner Township") who was incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times, filed this case on April 22, 2024, alleging generally that a former employee of SCI-Camp Hill, Courtney Fuller, began emailing Stansbury in January 2024, and that defendants employed at SCI-Camp Hill engaged in a conspiracy to retaliate against Stansbury for receiving these emails from Fuller. (Doc. 1). The

original complaint asserted claims for retaliation in violation of the First Amendment, violation of Stansbury's Fourth Amendment rights, cruel and unusual punishment in violation of the Eighth Amendment, violation of Stansbury's Fourteenth Amendment rights, violations of 42 U.S.C. §§ 1981, 1985, 1986, and violation of various state laws. (*Id.*) The case was initially assigned to United States District Judge Christopher C. Conner.

On January 7, 2024, Judge Conner granted defendants' motion to dismiss the complaint, dismissing Stansbury's Fourth, Eighth, and Fourteenth Amendment claims with prejudice, dismissing all other federal claims without prejudice, granting Stansbury leave to file an amended complaint, and declining to decide whether to exercise supplemental jurisdiction over Stansbury's state law claims pending the possible filing of an amended complaint. (Docs. 29-30).

Stansbury appealed Judge Conner's ruling on January 17, 2025, and moved to stay the case pending the appeal on the same day. (Docs. 31-32). On January 21, 2025, the case was reassigned to the undersigned following Judge Conner's retirement from the court. This court granted the motion to stay on February 6, 2025, staying the case pending the disposition of Stansbury's appeal and ordering that the case would be reopened upon the conclusion of the appeal. (Doc. 34). While the case was stayed, Stansbury

2

filed an amended complaint on February 11, 2025. (Doc. 35). The United States Court of Appeals for the Third Circuit dismissed Stansbury's appeal for failure to prosecute on February 13, 2025. (Doc. 37).

On February 14, 2025, Stansbury filed a motion for reconsideration of Judge Conner's dismissal order. (Doc. 38). Defendants then moved to dismiss the amended complaint on February 25, 2025, and filed a brief in support of their motion to dismiss on March 3, 2025. (Docs. 39-40). Stansbury has not formally filed a brief in opposition to the motion to dismiss, but on March 31, 2025. (Doc. 41). He filed a brief in support of the motion to quash on April 3, 2025. (Doc. 42). Because the motion to quash and associated brief appear to offer arguments why the motion to dismiss should be denied rather than quashed, the court liberally construes the motion and supporting brief as Stansbury's opposition to the motion to dismiss.

Turning to the factual allegations of the currently operative amended complaint, the amended complaint alleges that Fuller sent Stansbury multiple emails on unspecified dates and that plaintiff lost his prison job, had various unspecified items of personal property confiscated, got placed in the prison's restricted housing unit ("RHU"), and transferred to another prison as a result. (Doc. 35 at 2-3).

The amended complaint alleges that defendants Dickey, Nicklow, Evans, Kendall, Albert, Benner, Newsome, Ritchey, Miller, and Dodson violated Stansbury's due process rights by conducting a disciplinary hearing without written notice on January 12, 2024, and subsequently placing him in the RHU. (*Id.* at 3). The amended complaint further alleges that the defendants did not act impartially in making the disciplinary decision and did not provide a sufficient written explanation for their decision. (*Id.*) The amended complaint likewise alleges that defendants Nicklow, Miller, and Lorah conducted disciplinary proceedings without prior notice on January 17, 2024, and January 24, 2024. (*Id.* at 4). Defendants Gourley and Moslak allegedly failed to act impartially when they considered appeals from these purportedly wrongful proceedings. (*Id.*)

The amended complaint additionally alleges that defendants Wright and Smolke deprived Stansbury of various items of personal property during an inventory search of his cell on January 17, 2024. (*Id.*) Stansbury sent Smolke a request for the property to be returned or for him to be paid money for the property. (*Id.* at 5). Smolke purportedly told him that the property would be sent to Stansbury's next prison if he was not charged with any misconduct in the interim. (*Id.*) Despite Stansbury not being charged with any

4

misconduct, however, the property was not sent to Stansbury's next prison. (*Id.*)

Defendants Dodson, Ritchey, Benner, Nicklow, and Gourley purportedly placed "incorrect and negative" information in Stansbury's file, which purportedly resulted in Stansbury getting transferred to a prison that was farther from his home region. (*Id.*) Stansbury further alleges that defendant Harry, the secretary of the DOC, promulgated DOC policy DC-ADM 802, which Stansbury alleges caused the violations of his civil rights. (*Id.*)

The amended complaint asserts that defendants' actions constituted violations of Stansbury's due process rights under the United States and Pennsylvania Constitutions. (*Id.* at 6). Stansbury seeks damages and injunctive relief requiring the DOC to change the way DC-ADM 802 is applied and to transfer him to SCI-Phoenix. (*Id.*)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    DISCUSSION

### A.    Motion for Reconsideration

The court will first consider Stansbury's motion for reconsideration of Judge Conner's dismissal order. Because Stansbury has failed to file a brief in support of the motion, it will be deemed withdrawn pursuant to Local Rule 7.5. *See* M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion… If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").

### B.    Motion to Dismiss

Stansbury's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

7

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Defendants' motion to dismiss argues: (1) that the amended complaint should be dismissed with prejudice because plaintiff waived his leave to amend by filing an appeal; (2) that the amended complaint should be dismissed with prejudice because it asserts only due process claims and Judge Conner's dismissal order did not give plaintiff leave to amend his due process claims; (3) that plaintiff's claim regarding the improper confiscation of property and the claim against defendant Harry should be dismissed because Judge Conner's grant of leave to amend did not allow plaintiff to add these claims to the case and the claims do not relate back to the original claims in the case; and (4) that the amended complaint fails to state a claim upon which relief may be granted.

8

At the outset, many of the allegations in plaintiff's complaint are nothing more than conclusory unsupported statements that are not entitled to the assumption of truth. Specifically, plaintiff's claim against defendant Fuller,[1] his claim that defendants Dodson, Ritchey, Benner, Nicklow, and Gourley placed incorrect information in his file, and his claim against defendant Harry are not supported by any nonconclusory factual allegations. These claims will accordingly be dismissed for failure to state a claim.

The court next considers defendants' argument that the claim regarding the improper confiscation of property was inappropriately added to the amended complaint. District courts may properly reject a claim that is outside the scope of a court's leave to amend. *Campbell v. United States*, 375 F. App'x 254, 260 (3d Cir. 2010). "The rejection of an unapproved amended complaint is not an abuse of discretion." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007).

In this case, Judge Conner's dismissal order granted plaintiff leave to amend his complaint only "to cure the deficiencies identified in the court's memorandum opinion with respect to the claims that have been dismissed

---

[1] Defendant Fuller and several other defendants who were first named in the amended complaint have not been served with process and accordingly have not responded to this lawsuit. The court screens the claims against these defendants pursuant to 28 U.S.C. §1915A.

without prejudice." (Doc. 30). Plaintiff's claim alleging improper confiscation of his personal property is not one of these claims. There are no allegations in the original complaint as to any personal property being confiscated, nor are there any allegations that could be liberally construed as asserting such a claim. (*See generally* Doc. 1). Accordingly, plaintiff's due process claim regarding the allegedly improper confiscation of property will be dismissed as beyond the scope of the amendment permitted by Judge Conner's order.

Stansbury's final federal claim alleges violations of his due process rights as a result of his January 2024 disciplinary proceedings and resulting sanctions. As defendants correctly note, however, Judge Conner's January 7, 2025, memorandum and order dismissed this claim without further leave to amend because the sanction imposed on Stansbury as a result of the disciplinary proceeding—placement in the RHU—did not impose "an atypical and significant hardship" on him. (*See* Doc. 29 at 8-10 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); Doc. 30 at 1). Thus, because Stansbury did not have leave to amend this claim, the court will dismiss it with prejudice.

Having dismissed all of Stansbury's federal due process claims, the court will additionally dismiss his state due process claims. Pennsylvania law treats the protections of the due process clause of the Pennsylvania Constitution as coextensive with the protections of the due process clause

10

of the United States Constitution. *See Commonwealth Dep't of Transp. v. Taylor*, 841 A.2d 108, 114 n.6 (Pa. 2004). The state due process claims are accordingly subject to dismissal for the same reasons the federal due process claims will be dismissed.

### C.    Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will deny leave to amend as futile. Stansbury has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

### IV.    CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss, dismiss Stansbury's amended complaint with prejudice, and close this case. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 6/17/25
24-686-01

11